**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **REGINALD HENDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **Case No. CIV-12-381-HE** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of the Social** | ) | |
| **Security Administration,**[1] | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>REPORT AND RECOMMENDATION</u>

Plaintiff brings this action pursuant to 42 U.S.C. §405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under the Social Security Act. This matter has been referred to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B)-(C). The Commissioner has answered and filed the administrative record (TR. ___). The parties have briefed their positions and the matter is now at issue. It is recommended that the Commissioner's decision be **REVERSED AND REMANDED** for further administrative proceedings.

---

[1] Carolyn W. Colvin became Acting Commissioner of the Social Security Administration on February 14, 2013. Therefore, pursuant to Rule 25(d) (1) of the Federal Rules of Civil Procedure, Acting Commissioner Colvin is hereby substituted for Commissioner Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

## PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on August 25, 2008, alleging a disability beginning March 20, 2007 (TR. 11). The applications were denied on initial consideration and on reconsideration at the administrative level (TR. 11). Pursuant to Plaintiff's request, an Administrative Law Judge (ALJ) held a *de novo* hearing on October 15, 2009 (TR. 11, 32-63). Plaintiff appeared with his attorney and testified in support of the applications.  At the request of the ALJ, a vocational expert (VE) also testified. The ALJ issued an unfavorable decision on June 29, 2010, finding that Plaintiff was not disabled (TR. 11-21). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner (TR. 1-4).

## STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied.  *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d

1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

## THE ADMINISTRATIVE DECISION

In addressing Plaintiff's disability applications, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act for DIB through December 31, 2012 (TR. 13). The ALJ then followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520; 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity after his alleged onset date (TR. 13).

At step two, the ALJ determined that Plaintiff has severe impairments consisting of residual effects of myocardial infarction, hypertension and chronic lumbar sprain/lumbago (TR. 13). At step three, the ALJ found that none of Plaintiff's impairments singly, or in combination, meets or equals any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 14).

The ALJ next considered Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, I find
> that the claimant has the residual functional capacity to
> lift and/or carry at least twenty pounds occasionally
> and at least ten pounds frequently; to stand for up to
> two hours total during an eight hour workday; walk for
> up to two hours total during an eight hour workday;
> and to sit for up to four hours total during an eight
> hour workday. He can occasionally reach overhead and

> in all other directions bilaterally, and occasionally
> push/pull bilaterally. He can frequently handle, finger
> and feel bilaterally; frequently operate controls
> bilaterally; occasionally climb ramps/stairs, balance,
> stoop, kneel, crouch and crawl; and never climb
> ladders/ropes/scaffolds

(TR. 14).

At step four of the sequential evaluation, the ALJ found that Plaintiff was unable to

perform any past relevant work (TR. 19).

At step five, the ALJ determined that Plaintiff can perform other jobs :

> Considering the claimant's age, education, work
> experience, and residual functional capacity, there are
> jobs that exist in significant numbers in the national
> economy that the claimant can perform

(TR. 19). Relying on the testimony of the VE, the ALJ determined that Plaintiff could

perform jobs such as furniture rental consultant; shipping and receiving weigher,

children's attendant, call out operator, and election clerk (TR. 20). Thus, at step five of

the sequential evaluation process, the ALJ determined that Plaintiff is not disabled and

therefore not entitled to DIB or SSI (TR. 21).

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred in his evaluation of the medical evidence.

He further contends that the ALJ erred in his credibility analysis.

## ANALYSIS

### I.   The ALJ's Consideration of the Medical Evidence

Plaintiff contends that the ALJ erred in relying on only the portions of the

consultative examiner's opinion which supported the ALJ's finding of nondisability. Plaintiff's point is well taken.

The ALJ stated that he was affording the report of the consultative examiner, Dr. John A. Saidi, "great weight" (TR. 17). In reality, however, the ALJ afforded great weight only to those portions of Dr. Saidi's opinion that were consistent with the ALJ's RFC determination. The ALJ adopted Dr. Saidi's findings that plaintiff could lift/carry up to 20 pounds occasionally and 10 pounds frequently, reach overhead, occasionally climb stairs, balance, stoop, kneel, crouch and crawl, and never climb ladders (TR. 17; 293-299). The ALJ did not, however, adopt Dr. Saidi's findings that Plaintiff could sit for only three hours total in an eight hour workday, stand for only two hours total in an eight hour workday and walk only two hours total in an eight hour workday. Dr. Saidi stated that Plaintiff would have to lie down for the remaining hour of the workday (TR. 294). The ALJ did not adopt the sit/stand/walk limitations, as doing so would, according to the VE, require a finding of disability (TR. 60-61).

The Tenth circuit Court of Appeals has "repeatedly held" that ALJ's are not "entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo v. Astrue* 682 F.3d 1285, 1292 (10th Cir. 2012) (*citing Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (following *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004), and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004)). On the other hand, the ALJ was not required to discuss in detail each piece of evidence. *See Clifton v. Chater*, 79 F.3d 1007, 1009–1010 (10th Cir. 1996) ("The record must demonstrate that the ALJ

considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

In this case, the ALJ "modified the total time the claimant can sit to four hours in an eight hour day rather than three hours" (TR. 17). The ALJ relied on documentation that an x-ray Plaintiff's lumbar spine revealed a "normal lumbar spine" (TR 245). As Plaintiff points out, however, the relevancy of the x-ray is questionable as the x-ray was taken on May 30, 2006, nearly ten months before Plaintiff's alleged onset date. The ALJ also relied on a progress note from Dr. Randal A. Williams indicating that Plaintiff's lumbar spine felt "good" on April 10, 2007 (TR. 17, 252). Plaintiff contends that this evidence is insufficient to support the ALJ's modification of the consultative physician's findings. The undersigned agrees. The narrative report attached to the consultative examiner's report indicates that Dr. Saidi examined Plaintiff and found that Plaintiff experiences significant pain caused by Plaintiff's lumbar spine (TR. 307). The ALJ's modification of Dr. Saidi's findings resulted in formulation of an RFC that is not supported by substantial evidence in the record. This error alone requires this court to reverse the Commissioner's final decision and remand the case for further proceedings.

## II.    The ALJ's Credibility Analysis

Plaintiff contends that the ALJ erred in her credibility assessment.  (Plaintiff's Brief at 8-12).

As the Tenth Circuit Court of Appeals has stated repeatedly,

> "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when

> supported by substantial evidence." *Diaz v. Secretary of
> Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).
> However, "[f]indings as to credibility should be closely and
> affirmatively linked to substantial evidence and not just a
> conclusion in the guise of findings." *Huston [v. Bowen]*, 838
> F.2d 1125, 1133 (10th Cir. 1988) (footnote omitted); *see also
> Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (ALJ
> "must articulate specific reasons for questioning the claimant's
> credibility" where subjective pain testimony is critical);
> *Williams [ex rel.] Williams v. Bowen*, 859 F.2d 255, 261 (2d
> Cir. 1988) ("failure to make credibility findings regarding . . .
> critical testimony fatally undermines the [Commissioner's]
> argument that there is substantial evidence adequate to
> support [her] conclusion that claimant is not under a
> disability")

*Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (*quoting Kepler v.

Chater*, 68 F.3d 387, 391 (10th Cir. 1995)).

In *Luna v. Bowen*, 834 F.2d 161, 165–66 (10th Cir. 1987), The Tenth Circuit Court

of Appeals set out a framework for evaluating a claimant's subjective allegations of pain

or other symptoms and identified an illustrative set of factors, in addition to medical tests,

that guide the consideration of the credibility of testimony regarding pain or other

symptoms. *See id.*at 163–66. The Tenth Circuit then expanded the "Luna" factors in

*Huston v. Bowen*, being careful to note again that they were not "exhaustive" but

"merely illustrative." *Id.* at 838 F.2d 1125, 1132 n. 7 (10th Cir. 1988). As stated in Huston,

those factors are:

> the levels of medication and their effectiveness, the
> extensiveness of the attempts (medical or nonmedical) to
> obtain relief, the frequency of medical contacts, the nature of
> daily activities, subjective measures of credibility that are
> peculiarly within the judgment of the ALJ, the motivation of
> and relationship between the claimant and other witnesses,

> and the consistency or compatibility of nonmedical testimony
> with objective medical evidence.

*Id.* at 1132.  Similar factors are set forth in Social Security Ruling 96–7p, and the Tenth

Circuit has held that ALJs "should consider" them. *See Hamlin v. Barnhart*, 365 F.3d

1208, 1220 (10th Cir. 2004).  Of course, an ALJ is not required to conduct a "formalistic

factor-by-factor recitation of the evidence"; it suffices if she "sets forth the specific

evidence [she] relies on in evaluating the claimant's credibility." *Qualls v. Apfel*, 206 F.3d

1368, 1372 (10th Cir. 2000).  "[C]ommon sense, not technical perfection, is our guide."

*Keyes–Zachary v. Astrue*, 695 F.3d 1156, 1167 (10th Cir. 2012).

At the administrative hearing, Plaintiff testified that he suffers from residual back

pain after two work-related accidents (TR. 42). Plaintiff further testified that since his

heart attack, he lacked energy, making it necessary for him to lie down several times

during the day for an hour or two at a time. Plaintiff stated that he experiences fainting

and shortness of breath, with exertion (TR. 40-41). He described his daily routine as

follows:

> I get up in the morning, Judge, and I take my kids to school.
> And about an hour after that I'll lay down. And that's
> probably, I'm going to say around 9:30.  And I'll lay down and
> rest and usually get up about 11:30 and eat. And then for a
> couple hours there I do stuff around the house, like the dishes
> or something. And then I'll lay down, I'm going to just fall
> apart I guess around two, and then I go pick my kids up at
> three

(TR. 39).

In this case, the ALJ relied heavily on Plaintiff's reported daily activities—minus his testimony that he must lie down several times a day—in determining that Plaintiff's testimony is not credible:

> The claimant has described daily activities which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. The claimant reported that he is able to care for his three year old child and take his five year old child to school while his wife works. Taking care of a young child can be very physically demanding and is an activity which is indicative of what the claimant is able to do. In addition, the claimant reported having no problems taking care of his personal needs; being able to prepare meals; doing laundry, dishes and indoor chores; driving a car; and shopping for groceries in store; and he reported that his lifting ability has been affected by his impairments, but nothing else

(TR. 16).  Contrary to the ALJ's finding, Plaintiff's daily activities are actually quite limited, especially if he must lie down several times during the day. None of the evidence in the record contradicts Plaintiff's testimony in this regard.

The ALJ also relied on her own medical finding that because "Dr. Craig prescribed Levitra," a drug used to treat erectile dysfunction, Dr. Craig "was not concerned with the claimant's hypertension or chest pains" (TR. 16). The ALJ does not explain this finding and, indeed, substituted her own medical opinion for that of Dr. Craig, a practice prohibited by Agency regulations. *See Hamlin v. Barnhart*, 365F.3d 1208, 1221 (10th Cir. 2004).

The ALJ's credibility findings are not affirmatively linked to substantial evidence in the record. It is therefore recommended that this case be reversed and remanded for further administrative proceedings. On remand, the Commissioner should reconsider Plaintiff's credibility.

## RECOMMENDATION

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ and the pleadings and briefs of the parties, the undersigned magistrate judge finds that the decision of the Commissioner should be **REVERSED AND REMANDED** for further administrative proceedings.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to file specific written objections to this Report and Recommendation. *See* 28 U.S.C. §636 and Fed. R. Civ. P. 72. Any such objections should be filed with the Clerk of the District Court by **May 3, 2013**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

**ENTERED** on April 19, 2013.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE